ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 10 2021

at 9 o'clock and 20 min. a.M.
MICHELLE RYNNE, CLERK

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Chief, Criminal Division

CHRIS A. THOMAS #3514
MICAH SMITH
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails: Chris.Thomas@usdoj.gov
Micah.Smith@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 21-00001 DKW |
| Plaintiff, | ) |
| | ) MEMORANDUM OF PLEA |
| vs. | ) AGREEMENT |
| | ) |
| KHAYLA ALAPAI, | ) DATE: |
| | ) TIME: |
| Defendant. | ) JUDGE: |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, KHAYLA ALAPAI, and her attorney, Andrew Kennedy, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that she has been charged in the Information with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2. The defendant has read the charge against her contained in the Information, and that charge has been fully explained to her by her attorney.

3. The defendant fully understands the nature and elements of the crime with which she has been charged.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to the Information, which charges her with possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of isomers. The defendant is aware that she has the right to have this felony asserted against her by way of grand jury indictment. The defendant hereby waives this right and consents that this offense may be charged against her by way of the Information. In return, the government agrees (a) not to further prosecute the defendant for the conduct charged in Count 2 of Criminal

2

Complaint Mag. No. 20-286-WRP, namely, possession of methamphetamine on board an aircraft on March 5, 2020; and (b) to stipulate to the facts set forth below in paragraph 8.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because she is in fact guilty of possession of a mixture and substance containing a detectable amount of methamphetamine with intent to distribute as charged in the Information, and she agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7. The defendant understands that the penalties for the offense to which she is pleading guilty include:

    a. A term of imprisonment of not less than five years and not more than 40 years and a fine of up to $5,000,000, plus a term of supervised release of not less than four years and up to life.

    b. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the

commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

      c.    **Forfeiture.** Pursuant to 21 U.S.C. § 853, forfeiture of any (1) property constituting, or derived from, proceeds the person obtained, directly or indirectly, as the result of a violation of the provisions of 21 U.S.C. §§ 801 et seq. or 21 U.S.C. §§ 951 et seq.; and (2) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

      d.    **Loss of Federal Benefits.** At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

    a. On March 5, 2020, the Honolulu Sheriff's Office, Airport District, relayed information to the Drug Enforcement Administration (DEA) that an individual suspected to be KHAYLA ALAPAI, the defendant, ran from a small aircraft while the aircraft was taxiing on the runway. The flight was scheduled to depart from Oahu and was headed to Kauai. During ALAPAI's flight from the aircraft, a large quantity of a white crystalline substance fell out from ALAPAI's backpack and onto the floorboard of the aircraft.

    b. On that same day, a DEA Special Agent arrived at Air Service Hawaii in the Airport Operations Area (AOA) and observed a large quantity of a white crystalline substance, loose and unpackaged, on the floorboard of the aircraft with tail number N7668B. Based on the DEA Special Agent's training and experience, the white crystalline substance resembled crystal methamphetamine. On the floorboard of the aircraft, the DEA Agent also observed an open Ziploc bag containing suspected crystal methamphetamine residue and a closed Ziploc bag containing suspected crystal methamphetamine.

c.  Approximately 335 gross grams of suspected crystal methamphetamine was seized from the floor of the aircraft. Given that a significant amount of suspected crystal methamphetamine residue was embedded in the carpet, a portion of the aircraft's carpet was also removed. The recovered suspected crystal methamphetamine was field tested by DEA personnel and resulted in a presumptive positive for the presence of methamphetamine.

d.  DEA personnel spoke with the pilot of the aircraft with tail number ending in 8B, who positively identified ALAPAI as the individual who ran from the aircraft. The pilot also said that ALAPAI was the only passenger for that charter flight. The pilot provided an invoice of the charter flight of March 5, 2020. The invoice shows that the charter flight was paid via credit card under account holder "Khayla Alapai Naholoholo". The pilot also stated that ALAPAI later called and requested a refund since the flight had not taken off.

e.  ALAPAI was in possession of the 335 gross grams of suspected crystal methamphetamine while aboard the aircraft described above. The substance was more than 50 grams net weight, and did in fact contain a detectable amount of methamphetamine. ALAPAI possessed the substance with intent to distribute it to one or more other persons.

9.  Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a.  As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that she has the right to appeal her conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a. The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

**FINANCIAL DISCLOSURE**

14. In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon her, the defendant agrees as follows:

9

a.  The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any

other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

   b. The defendant expressly authorizes the United States Attorney's Office to obtain her credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

   c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability

11

of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

17. The defendant understands that by pleading guilty she surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

      b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

f.  At a trial, the defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Information necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

18.  The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.  If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

14

and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The _only_ exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

21. The defendant agrees that she will fully cooperate with the United States.

   a. The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests her to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b. The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those conversations, if she so desires.

c. The defendant agrees she will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests her to testify.

d. The defendant agrees that her sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

22. In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for charge in Count 1 on the ground that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that:

a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.  This Agreement does not require the prosecution to make such a request or motion.

c.  This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

24.  The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

25.  To become effective, this Agreement must be signed by all signatories listed below.

26. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii, _____.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

Kailua-Kona, Hawaii January 1/3 202.

_____
MICHAEL NAMMAR
Chief, Criminal Division

_____
ANDREW KENNEDY
Attorney for Defendant

_____
CHRIS A. THOMAS
MICAH SMITH
Assistant U.S. Attorneys

_____
KHAYLA ALAPAI
Defendant

19